UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRITTANY DAUBNER, JAMES PINTADO,
and RONALD COLEMAN,

    Plaintiffs,

v.                                      **JURY TRIAL DEMANDED**

333 HIMMARSHEE, LLC, a Florida limited
liability company d/b/a O-B HOUSE, RODNEY A.
ELY, an individual, and AARON JOHNSON, an
individual,
    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, BRITTANY DAUBNER ("DAUBNER"), JAMES PINTADO, ("PINTADO"), and RONALD COLEMAN, ("COLEMAN"), by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, 333 HIMMARSHEE, LLC, a Florida limited liability company, (hereinafter "333 HIMMARSHEE"), RODNEY A. ELY, an individual, (hereinafter "ELY"), and AARON JOHNSON, an individual, (hereinafter "JOHNSON"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, 333 HIMMARSHEE was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, 333 HIMMARSHEE, ELY and JOHNSON operated a restaurant. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiffs handled food and drinks which were originally manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

    b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiffs, DAUBNER, PINTADO, and COLEMAN, were residents of Broward County, Florida, and were "employee[s]" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, 333 HIMMARSHEE, was conducting business in Fort Lauderdale, Broward County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants were the employers of Plaintiffs, DAUBNER, PINTADO, and COLEMAN.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs DAUBNER, PINTADO, and COLEMAN, their lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, 333 HIMMARSHEE was and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

16. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. Plaintiff, DAUBNER, was employed as a server by Defendants from on or about October 28, 2013 until on or about September 30, 2015.

18. Plaintiff, PINTADO, was employed as a server by Defendants from on or about June 6, 2013 to or about August 31, 2015.

19. Plaintiff, COLEMAN, was employed as a server by Defendants from on or about August 1, 2014 to or about February 8, 2015.

20. Defendants paid Plaintiffs, DAUBNER, PINTADO and COLEMAN below the minimum wage.

21. Defendants unlawfully availed themselves to an FLSA "tip credit."

22. In addition to being paid below the minimum wage, DAUBNER, PINTADO, and COLEMAN, worked in excess of forty hours per week, but were not paid at the rate of time-and-one-half their regular hourly rate.

23. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

24. Defendants, ELY and JOHNSON were supervisors and manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

25. Defendant, ELY and JOHNSON were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

26. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

27. Plaintiffs realleges Paragraphs 1 through 26 as if fully stated herein.

28. Since Plaintiffs' date of hire with Defendants, in addition to Plaintiffs' normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

29. Plaintiffs were entitled to be paid at the rate of time and one-half the applicable minimum wage for their hours worked in excess of the maximum hours provided for in the FLSA.

30. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided for in the FLSA.

31. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

33. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

36. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

    a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiffs overtime compensation in the amount calculated;

    c. Awarding Plaintiffs liquidated damages in the amount calculated;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiffs post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

37. Plaintiffs reallege Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

38. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

39. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

40. Defendants unlawfully availed themselves to an FLSA "tip credit." Plaintiffs were compelled to share a portion of their tips with dishwasher and food preparation workers, employees who were not customarily tipped workers.

41. Plaintiffs were paid below the minimum wage for their work hours.

42. The Defendants acted willfully.

43. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a. judgment in their favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110  FLORIDA STATUTES

44. Plaintiffs reallege Paragraphs 1 through 26 as if fully stated herein.

45. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

46. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for many of their work hours. The Defendants acted willfully.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

b. Awarding Plaintiffs all back wages due and owing;

c. Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiffs, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED:  January 11, 2016.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
      PETER BOBER
      FBN:  0122955
      SAMARA ROBBINS BOBER
      FBN: 0156248